NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 24a0389n.06

No. 24-5114

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 18, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| v. | ) ) | UNITED STATES DISTRICT COURT FOR THE WESTERN |
| ANTWON PARTEE, aka Antwan Partee, aka Antwon Ellis, | ) ) ) | DISTRICT OF TENNESEE |
| Defendant-Appellant. | ) ) | OPINION |

Before: BOGGS, KETHLEDGE, and MURPHY, Circuit Judges.

KETHLEDGE, Circuit Judge. Antwon Partee pled guilty to knowing possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He now argues that § 922(g)(1) on its face violates the Second Amendment. We reject his argument and affirm.

Memphis Police Department officers saw Antwon Partee make a hand-to-hand drug deal in front of a gas station. When the officers approached Partee, he fled into a nearby convenience store. After a struggle, the officers detained him and took a loaded Ruger LCP .22-caliber handgun from his front pants pocket. Partee admitted that he kept the gun for protection. The officers then checked Partee's criminal record and found that he had a prior felony conviction and several misdemeanor domestic-violence convictions.

A grand jury indicted Partee for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count I) and possession of a firearm by a convicted domestic-violence misdemeanant, in violation of 18 U.S.C. § 922(g)(9) (Count II). Partee pled guilty to Count I in

exchange for the Government's promise to move to dismiss Count II.  He then moved to dismiss Count I on the ground that § 922(g)(1) is facially unconstitutional.  The district court denied his motion and sentenced him to a 77-month term of imprisonment.

We review the district court's denial of Partee's motion to dismiss de novo.  *United States v. Crayton*, 357 F.3d 560, 564 (6th Cir. 2004).  A facial challenge is the "most difficult" one to mount successfully, since the challenger must show that none of the statute's potential applications is valid.  *United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024).  And our court recently held that, because "most applications of § 922(g)(1) are constitutional, the provision is not susceptible to a facial challenge."  *United States v. Williams*, --- F.4th ---, 2024 WL 3912894, at *13 (6th Cir. Aug. 23, 2024).  We therefore reject Partee's challenge here.

The district court's judgment is affirmed.